IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Case No. CIV-05-1148-C |
| ) | |
| GARDNER MANAGEMENT GROUP, ) | |
| L.L.C.; GARDNER TANENBAUM ) | |
| GROUP, L.L.C.; and G & G ) | |
| CONSTRUCTION, ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action asserting the existence of a hostile work environment and retaliation. Plaintiff identified five female employees ("claimants") as having been subjected to improper working conditions. Plaintiff filed a Motion for Partial Summary Judgment arguing the undisputed material facts demonstrate it is entitled to judgment on Defendants' affirmative defenses of laches, unclean hands, equitable estoppel, whether administrative prerequisites were met and whether Plaintiff's lawsuit is beyond the scope of the underlying charge. Defendants object in part. Defendants concede Plaintiff's motion as to the defenses of laches, unclean hands and equitable estoppel.[1] Defendants note that had Plaintiff asked, they would have voluntarily dropped the defenses. Defendants' position does

---

[1] Defendants' attempt to qualify their concession on Plaintiff's not calling Mr. Hill as a witness or offering the determination letters as exhibits is not necessary. In its Response to Defendants' Motion to Compel (Dkt. No. 42), Plaintiff unequivocally stated it would not call Mr. Hill as a witness and that the determination letters would not be offered. The Court's rulings regarding the scope of discovery were premised in part on those representations. Absent strongly compelling circumstances, Plaintiff will not be permitted to change course this late in the day.

not reflect the better practice.  Once Defendants determined the defenses were not meritorious, they should have withdrawn them.  Such action would have eliminated the unnecessary expenditure of the parties' and the Court's resources.

The only issue remaining is whether the administrative prerequisites were met to permit Plaintiff to press its claim of retaliation on behalf of "similarly situated females, as a class."[2]  As Defendants correctly note, none of the letters of determination make a finding that the "similarly situated females, as a class" were subject to retaliation.  Plaintiff does not challenge this position.  Although the majority of the facts are undisputed, the issue may not be resolved at this stage.  Initially, the Court notes the law is clear regarding the purpose of the determination letter and the limits on the breadth of the action that Plaintiff may pursue.

> The Commission's right to maintain suit is not without limitation, irrespective of the scope of its investigation.  Thus, the Commission may not sue on a complaint broader in scope than the results of its investigation as contained in its reasonable cause determination.  See EEOC v. National Cash Register, 405 F.Supp. 562, 566 (N.D. Ga. 1975); EEOC v. E. I. DuPont [de Nemours and Co.], [373 F.Supp. 1321] supra at 1336 [(D. Del. 1974)].  The determination of reasonable cause defines the framework for conciliation, and conciliation of all claims sought to be litigated must be attempted prior to suit thereon.  EEOC v. Sherwood Medical Industries, 452 F.Supp. 678 (M.D. Fla. 1978); EEOC v. Pierce & Stevens, 434 F.Supp. 1162 (W.D.N.Y. 1977); EEOC v. Nat'l Cash Register, *supra* at 564-67.
>
> In discussing the purpose and requirements of the reasonable cause determination, the court, in Sherwood Medical Industries, *supra*, observed:
>
>> "Because of the importance of the reasonable cause determination as a means of finally drawing the investigation to

---

[2] To the extent Plaintiff challenges the defense that parts of the lawsuit are beyond the scope of the administrative charge, the basis for that defense is subsumed in the present one.

2

> a close, as an embodiment of the Commission's legal conclusions from the evidence, as a means of notice to the respondent and as a device to frame the issues for conciliation, it seems evident that any and all of a respondent's employment practices viewed by the Commission as probably discriminatory, must be explicitly included in the determination. That is, the Commission must make an express finding in the determination concerning each employment practice which it concludes to be violative of Title VII. The Courts which have addressed themselves to this question have so concluded." 452 F.Supp. at 681-82. (citations omitted.)

EEOC v. Crown Liquors of Broward, Inc., 503 F.Supp. 330, 333 (S.D. Fla. 1980). The Eighth Circuit has also recognized this rule:

> The original charge is sufficient to support EEOC action, including a civil suit, for any discrimination stated in the charge or developed during a reasonable investigation of the charge, so long as the additional allegations of discrimination are included in the reasonable cause determination and subject to a conciliation proceeding. [EEOC v.] Brookhaven [Bank & Trust Co.], 614 F.2d [1022] at 1025 [(5th Cir. 1980)]; EEOC v. General Elec. Co., 532 F.2d 359, 366 (4th Cir. 1976) (footnote omitted).

EEOC v. Delight Wholesale Co., 973 F.2d 664, 668-69 (8th Cir. 1992). The fact that the retaliation claims of the "similarly situated females, as a class" were not included in the determination letters is not dispositive. Rather, the question which must be answered has not been addressed by either party. That question is, whether or not the retaliation claims of the similarly situated females, as a class, were included in the conciliation process. If they were not, then Plaintiff may not pursue them here. If they were included then they may be presented to the jury regardless of their omission from the determination letters. The parties are directed to simultaneously submit additional evidence on this issue within 5 days of the

date of this Order.  Following those submissions, the Court will issue a final ruling on Plaintiff's motion.

As set forth more fully herein, Defendants' affirmative defenses of laches, unclean hands, equitable estoppel are withdrawn.  Plaintiff's request for judgment on those claims is MOOT.  As for the affirmative defense of whether administrative prerequisites were met, the issue is held in abeyance pending the parties' additional evidentiary submissions as set forth herein.

IT IS SO ORDERED this 5th day of June, 2007.

ROBIN J. CAUTHRON
United States District Judge