IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | CIV-05-1148-C |
| GARDNER MANAGEMENT GROUP, L.L.C., GARDNER TANENBAUM GROUP, L.L.C., AND G & G CONSTRUCTION, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and among the Plaintiff, Equal Employment Opportunity Commission ("EEOC") and the Defendants, Gardner Management Group, L.L.C., Gardner Tanenbaum Group, L.L.C. and G & G Construction hereinafter collectively referred to as ("G.T") in the United States District Court for the Western District of Oklahoma, with regard to the EEOC's Complaint filed on September 30, 2005 ("EEOC Complaint"), in Civil Action No. CIV-0501148-C. This Complaint was based upon Charge of Discrimination Numbers 311-2004-03558, 311-2005-00236, 311-2005-00386 and 311-2005-00375 filed by Teresa Myrick, Misty Murphy, Amanda Bleakley and Rachelle Sharp Fuller, respectively, against G.T.

The above-referenced Complaint alleges that G.T. engaged in unlawful employment practices at its Oklahoma City facilities, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. Section 2000e-2(a)(1) and Title I of the Civil Rights Act of 1991, by subjecting Misty Murphy, Teresa Myrick and similarly-situated females, as a class, to a sexually hostile work environment based upon their sex, female, and by terminating their employment in retaliation for complaining of the harassment. G.T. filed its Answer to the EEOC Complaint,

denying the allegations contained in EEOC's Complaint.

The EEOC and G.T. agree to compromise and settle the differences embodied in the Complaint and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree ("Consent Decree").

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1.  This Consent Decree resolves all issues raised in EEOC Charge Nos. 311-2004-03558, 311-2005-00236, 311-2005-00386 and 311-2005-00375. This Decree further resolves all issues in the Complaint filed by the EEOC in this civil action. The EEOC waives further claims and/or litigation on all issues raised in the above-referenced charges and Complaint. The EEOC does not waive processing charges other than the charges of discrimination specifically referenced above.

2.  The parties agree that this Consent Decree does not constitute an admission by G.T. of any violation of Title VII.  G.T. denies any violation of local, state or federal law, common or statutory, including but not limited to, Title VII of the Civil Rights Act of 1964, as amended or Title I of the Civil Rights Act of 1991.

3.  G.T. agrees that it shall conduct all employment practices in a manner which does not subject any employee to discrimination as prohibited by Title VII of the Civil Rights Act of 1964. G.T. further agrees that there shall be no retaliation against any employee because that person has opposed any practice made unlawful under Title VII, or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII.

4.   G.T. agrees to post the Sexual Harassment Policy appended hereto as Attachment "A" on the employee bulletin board at all of G.T.'s work sites within ten (l0) days after the entry of the Consent Decree. G.T. also agrees to distribute this Sexual Harassment Policy to all of its employees working in G.T.'s facilities within thirty (30) days after the entry of the Consent Decree. G.T. will report to the EEOC that it has complied with this requirement within 30 days after posting and distributing the policy.  The policy shall remain posted during the term of the Consent Decree.

5.   For each year that the Consent Decree is in effect, G.T. agrees to conduct mandatory training for all employees, including all management employees (excluding Justin Gardner), advising them of the requirements and prohibitions of the federal anti-discrimination laws with a special emphasis on sexual harassment and retaliation.  The training will inform the employees of the complaint procedure for individuals who believe they have experienced discrimination. The training will also advise the employees of the consequences of violating the federal anti-discrimination laws.  The training shall be at least two (2) hours in duration and conducted by a trained and educated labor and employment lawyer or Human Resources professional.  No less than 10 days before the training is conducted, Defendants agree to give written notice to the EEOC as to the date and location of the training, the name and qualifications of the person providing the training and the substance of the training.  All materials used in conjunction with the training shall be forwarded to the EEOC.  Within 20 days following the training, G.T. shall submit to the EEOC confirmation that the training was conducted, and a list of attendees, and a copy of all materials used in conjunction with the training.

6.   No less than 30 days after the training is conducted, G.T. agrees to give written notice to the EEOC as to the date and location of the training, the name of the person providing the

training and the substance of the training.

7. During the effective period of this Decree, G.T. shall, every six (6) months, provide written notification to the EEOC's Regional Attorney in its Dallas of any internal complaint of sexual harassment, made by any employee, including the name(s) of the employee(s), a description of the investigation of the complaint(s), the finding of the investigation and a description of action taken, or resolution of the complaint(s).  In the event there are no complaints of sexual harassment, made by any employees during any six (6) month reporting period, G.T. shall provide written notification to the EEOC's Regional Attorney in its Dallas District Office that no such complaints have been made.

8. G.T. agrees to remove from all personnel files of the Charging Parties, all documents, entries and references relating to: the facts and circumstances which led to the filing of the charges of discrimination; the charge itself; and the complaint filed by the EEOC in federal court based upon the charges.

9. G.T. agrees that it shall impose substantial discipline--up to and including termination, suspension without pay or demotion--upon any officer, supervisor, manager, assistant manager or person with any supervisory authority -- who engages in sexual harassment or sex-based harassment or permits any such conduct to occur in his or her work area or among employees under his or her supervision, or who retaliates against any person who complains or participates in any investigation or proceeding concerning any such conduct. G.T. shall communicate this policy to all of its officers, supervisors and managers.

G.T. agrees that it shall advise all officers, managers and supervisors of their duty to actively monitor their work areas to ensure employees' compliance with the company's sexual harassment

policy, and to report any incidents and/or complaints of sexual harassment, sex-based harassment and/or retaliation of which they become aware to the persons charged with handling such complaints at Smith, Rhodes, Stewart & Elder, P.L.L.C. .

10. G.T. agrees to pay the gross amount of $145,000.00 to resolve all claims for damages claimed by EEOC and Teresa Myrick, Juliette Hulen, Misty Murphy, Kathy Logsdon and Rachelle Sharp Fuller in and for compensatory and all other damages, inclusive of costs and attorney fees. Myrick, Hulen, Murphy, Logsdon and Sharp Fuller will assume full responsibility to all state and federal taxing authorities for tax consequences, if any, including interest, sanctions or penalties regarding income or other taxes, arising out of the payment to them of the consideration set forth above and further agree to hold G.T. harmless for any such tax consequences. Within ten (10) days of the entry of this Consent Decree, EEOC will inform Mr. Curtis L. Smith to whom and in what amount to issue the checks. Within twenty-one (21) days of this notification, G.T. will issue the checks and mail them to the attention of Equal Employment Opportunity Commission, 207 S. Houston, Third Floor, Dallas, Texas 75202, Attention William C. Backhaus

11. G.T. agrees to report to the EEOC within 30 days of entry of this Consent Decree, regarding its compliance with the agreements set forth in paragraphs 2 through 10 above.

12. All reports to the EEOC required by the Consent Decree shall be sent to William C. Backhaus, Sr. Trial Attorney, EEOC, 207 S. Houston, Dallas, Texas 75201.

13. If G.T. fails to tender payment or otherwise fails to timely comply with the terms of paragraphs 10-11 above, G.T. shall:

    a. Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

      b.      Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of G.T.

14. Neither the EEOC, Charging Parties, nor Defemdamts, shall contest the validity of this Consent Decree nor the jurisdiction of the federal district court to enforce this Consent Decree and its terms or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either such party.  Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that G.T. fails to perform the promises and representations contained herein. The EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court.

15. The parties to this Consent Decree agree to bear their own costs and attorney's fees associated with the above-referenced Complaint.

16. The term of this Decree shall be for three (3) years from the effective date.  The Court shall retain jurisdiction to enforce the terms of this Decree until the expiration of the term of the Consent Decree.

SO ORDERED, ADJUDGED AND DECREED this <u>21st</u> day of June, 2007.

_____
ROBIN J. CAUTHRON
United States District Judge

APPROVED AS TO FORM AND SUBSTANCE:

Respectfully Submitted:

ON BEHALF OF THE EEOC:

/s/ Robert A. Canino

ROBERT A. CANINO

Regional Attorney

| Oklahoma State Bar No. 011782 | /s/ Curtis L. Smith |
|---|---|
| (Signed copy of document bearing | CURTIS L. SMITH |
| signature of Attorney is being | Bar No. OBA # 8323 |
| maintained in the office of Filing Attorney) | |
| | |
| SUZANNE M. ANDERSON | SMITH RHODES STEWART & |
| Supervisory Trial Attorney | ELDER, P.L.L.C. |
| Texas Bar No. 14009470 | Robinson Renaissance, Suite 820 |
| | 119 N. Robinson Avenue |

**CONSENT DECREE**                                                                 7

| | |
|---|---|
| WILLIAM C. BACKHAUS | Oklahoma City, Oklahoma 73102 |
| Senior Trial Attorney | (405) 236-8282 |
| Trial Bar No. 1493850 | ( 405) 236-2828 (FAX) |

EQUAL EMPLOYMENT

OPPORTUNITY COMMISSION

Dallas District Office

207 South Houston, 3rd Floor

Dallas, Texas  75202

(214) 253-2742

(214) 253-2749 (FAX)

**Gardner Management's Sexual Harassment Policy**

# SEXUAL HARASSMENT PROHIBITED

POLICY:    It is forbidden for any employee to be sexually harassed by anyone while at work.  Sexually harassment, as defined in this policy, is considered unacceptable and will not be tolerated at Gardner Management.

DEFINITIONS:    Sexual harassment can be defined as follows:

> "Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment; (2) submission to or rejection of such conduct by an individual is used as a basis for employment decisions affecting such individual; or (3) such conduct has the purpose or effect of unreasonably interfering with the individual's work performance or creating an intimidating, hostile or offensive work environment."

Sexual harassment can include a wide range of unwanted behavior.  Sexual harassment can result from conduct of a supervisor toward an employee who works for that supervisor but it can also

involve one employee's conduct toward another employee or a non-employee toward an employee. Sexual harassment can apply to conduct *outside* the workplace as well as *on the job site* if it is job related.

It is important to recognize that an occasional joke or curse word does not constitute sexual harassment. Sexual harassment is adverse or hostile conduct directed toward an employee because of their gender

Examples of actions which are considered sexual harassment include things such as:

- Unwelcome physical contact or physical harassment, for example, any unwanted touching or another person, impeding or blocking movement, or any physical interference with work or movement around the job site.

- Pervasive sexually explicit language or gestures or verbal harassment, for example, derogatory remarks or comments or slurs with regard to one's sex or the repeated telling of sexual stories or jokes.

- A sexually hostile and offensive overall environment, including, for example, the repeated use of vulgar language or behavior, the presence of sexually explicit or derogatory photographs, posters, cartoons or drawings or similar conduct which is sexually hostile and offensive to a reasonable person.

**ATTACHMENT A**

**REPORTING HARASSMENT**

Each employee is responsible for monitoring his or her conduct to avoid sexually harassing behavior toward others. Each supervisor is responsible for identifying and reporting harassing situations within his or her area of responsibility, but all employees must assist us in enforcing this policy by promptly reporting any harassing situations or incidents which they observe or experience.

Reports or complaints of sexual harassment should be submitted to your supervisor or manager, or any other company official. Regardless of what a supervisor or anyone else tells you, you should always feel free to call the main office with any complaints involving sexual harassment. All employees should be aware false accusations of sexual harassment have a serious effect on innocent persons.  We will not tolerate retaliation against any employee for reporting harassing situations or incidents which he or she observes or experiences.  Similarly, false reports of sexual harassment will not be tolerated.

All report and complaints of sexual harassment will be investigated.  The facts will determine the response to each report or complaint.  All information regarding any specific incident will be kept as confidential as possible. If a report or complaint of sexual harassment is proven, the person who has engaged in sexual harassment will disciplined in an appropriate manner.  Such discipline may be immediate termination or some lesser penalty, depending on the situation.  Supervisors may also be subject to discipline for failing to report incidents of sexual harassment in their areas of responsibilities of which they were aware prior to the investigation.

**ATTACHMENT A**

A person either alternatively, or in addition to reporting such an allegation to company officials, may contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the U.S. EEOC office is 210 Park Avenue, Suite 1350, Oklahoma City, OK 73102; (405) 231-4911. Information about your rights and how to file a charge is available on the Internet at  www.eeoc.gov.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices; or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964. Gardner Tanenbaum companies will not punish you for reporting discrimination simply because you have made a complaint under the above guidelines.

**EXCEPTIONS:** There are no exceptions to this policy.

_____     _____

Date                                                                 RICHARD TANENBAUM

**ATTACHMENT A**